[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11617
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20383-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN MAYOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 16, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Damian Mayol, proceeding pro se,[*] appeals his conviction for conspiracy to pay healthcare kickbacks, in violation of 18 U.S.C. § 371, and 42 U.S.C. § 1320a-7b(b)(2)(A).  No reversible error has been shown; we affirm.

Mayol says he provided his trial lawyer with business records from his company, Transportation Services Providers ("TSP").  Mayol intended to use the TSP business records, or portions thereof, in his defense at trial.  Mayol's lawyer, however, permitted the government to view the business records -- without Mayol's consent.  The government then put into evidence a composite of documents from the TSP business records.

On appeal, Mayol contends that his lawyer violated attorney-client privilege and Mayol's Fifth, Sixth and Fourteenth Amendment rights by providing the government pre-trial access to the TSP business records.  Mayol also contends that the district court abused its discretion and violated his due process rights by admitting into evidence the TSP business records.  He says, because the TSP business records were obtained in violation of his constitutional rights, the records should have been excluded -- pursuant to Fed. R. Evid. 403 -- as unduly prejudicial.  Mayol also asserts that the admission of the TSP business records --

_____

[*] We earlier granted Mayol's motion to proceed pro se on appeal.  We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

which included lists of names, check stubs, and van itineraries and routes -- was so cumulative that its effect was more prejudicial than probative.

First, to the extent Mayol contends his trial lawyer rendered ineffective assistance of counsel, we decline to address that claim on this appeal. We will not consider ineffective-assistance-of-counsel claims raised on direct appeal where -- as here -- "the district court did not entertain the claim nor develop a factual record." See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Instead, the preferred method of raising ineffective-assistance-of-counsel claims is in a 28 U.S.C. § 2255 motion to vacate. See Massaro v. United States, 538 U.S. 500, 504-05 (2003).

We reject Mayol's challenge to the admissibility of the TSP business records; the challenge is barred by the doctrine of invited error. At trial, discussion took place between the district court and the parties about the admissibility of the TSP business records. But in the end, Mayol's lawyer stipulated that the records were in fact admissible. When a defendant stipulates to the admissibility of evidence at trial -- and, thus, "invites" the alleged error -- the defendant is precluded from later challenging the admissibility of that evidence on appeal. See United States v. Jernigan, 341 F.3d 1273, 1289-90 (11th Cir. 2003).

AFFIRMED.